**United States District Court**
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6   MICHAEL ANTHONY WILLIAMS

7                    Plaintiff,                    No. C 13-4638 EDL (PR)

8        v.                                        **ORDER OF SERVICE**

9   ALAMEDA SHERIFFS DEPARTMENT,

10                   Defendant.

11   _____/

12        Plaintiff, who appears to be a pretrial detainee at Santa Rita Jail, has filed a pro se

13   civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in

14   forma pauperis.

15                              **DISCUSSION**

16   **A.    Standard of Review**

17        Federal courts must engage in a preliminary screening of cases in which prisoners

18   seek redress from a governmental entity or officer or employee of a governmental entity.

19   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21   be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

22   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

23   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26   the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27   grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28   omitted).  Although in order to state a claim a complaint "does not need detailed factual

United States District Court

For the Northern District of California

1 allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2 requires more than labels and conclusions, and a formulaic recitation of the elements of a

3 cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

4 above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5 (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

6 plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

7 the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

8 framework of a complaint, they must be supported by factual allegations.  When there are

9 well-pleaded factual allegations, a court should assume their veracity and then determine

10 whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

11 679 (2009).

12 　　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13 elements:  (1) that a right secured by the Constitution or laws of the United States was

14 violated, and (2) that the alleged deprivation was committed by a person acting under the

15 color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16 **B.    Legal Claims**

17 　　　　Plaintiff alleges that two deputies of the Alameda County Sheriffs Department used

18 excessive force against him.

19 　　　　The treatment a prisoner receives in prison and the conditions under which he is

20 confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509

21 U.S. 25, 31 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain

22 . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."

23 *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and

24 citation omitted).  A prison official violates the Eighth Amendment when two requirements

25 are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v.*

26 *Brennan*, 511 U.S. 824, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and

27 (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending

28

2

**United States District Court**
For the Northern District of California

1    conduct was wanton, *id.* (citing *Wilson*, 501 U.S. at 297).  Whenever prison officials stand

2    accused of using excessive force in violation of the Eighth Amendment, the core judicial

3    inquiry is whether force was applied in a good-faith effort to maintain or restore discipline,

4    or maliciously and sadistically to cause harm.  *Whitley*, 475 U.S. at 320-21

5         The Due Process Clause of the Fourteenth Amendment protects a post-arraignment

6    pretrial detainee from the use of excessive force that amounts to punishment.  *Graham v.*

7    *Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39

8    (1979)).  Resolving such a substantive due process claim requires courts to balance

9    several factors focusing on the reasonableness of the officers' actions given the

10   circumstances.  *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990).  These factors

11   include (1) the need for the application of force, (2) the relationship between the need and

12   the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether

13   force was applied in a good faith effort to maintain and restore discipline.  *Id.*  In order to

14   prevail on an excessive force claim, a pretrial detainee must show the use of force was

15   excessive because it was not reasonably necessary to maintain or restore order and/or

16   discipline.  *See Hydrick v. Hunter*, 500 F.3d 978, 997-98 (9th Cir. 2007) (excessive force

17   claim brought by civilly confined plaintiff), rev'd on other grounds, 129 S. Ct. 2431 (2009).

18        Plaintiff alleges that Deputies Brannon and Franko stomped on the back of his head

19   and neck and kicked him in the rib cage.  He states he suffered broken ribs and is

20   experiencing nerve damage.  While Plaintiff has not provided additional details surrounding

21   this incident, the claim is sufficient to proceed whether Plaintiff is a prisoner or pretrial

22   detainee.

23                              **CONCLUSION**

24        1. The clerk shall issue a summons and Magistrate Judge jurisdiction consent form

25   and the United States Marshal shall serve, without prepayment of fees, the summons,

26   Magistrate Judge jurisdiction consent form, copies of the complaint with attachments and

27   copies of this order on Deputy Brannon and Deputy Franko at Santa Rita Jail.

28

United States District Court
For the Northern District of California

1    2.  In order to expedite the resolution of this case, the Court orders as follows:

2         a.  No later than sixty days from the date of service, Defendant shall file a

3    motion for summary judgment or other dispositive motion.  The motion shall be supported

4    by adequate factual documentation and shall conform in all respects to Federal Rule of

5    Civil Procedure 56, and shall include as exhibits all records and incident reports stemming

6    from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by

7    summary judgment, he shall so inform the Court prior to the date his summary judgment

8    motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

9         b.  At the time the dispositive motion is served, Defendant shall also serve, on

10   a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d

11   952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4

12   (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and

13   *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss

14   for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

15        c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

16   Court and served upon Defendant no later than thirty days from the date the motion was

17   served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING,"

18   which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.

19   1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

20        If Defendant files an unenumerated motion to dismiss claiming that Plaintiff failed to

21   exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff

22   should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

23   which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th

24   Cir. 2003).

25        d.  If Defendant wishes to file a reply brief, he shall do so no later than fifteen

26   days after the opposition is served upon him.

27        e.  The motion shall be deemed submitted as of the date the reply brief is

28

4

due.  No hearing will be held on the motion unless the court so orders at a later date.

3.  All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

4.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 14, 2013.

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

G:\PRO-SE\EDL\CR.13\Williams4638.serve.wpd

**United States District Court**
For the Northern District of California

5

**United States District Court**
For the Northern District of California

1                **NOTICE -- WARNING (SUMMARY JUDGMENT)**

2         If Defendants move for summary judgment, they are seeking to have your case

3 dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil

4 Procedure will, if granted, end your case.

5         Rule 56 tells you what you must do in order to oppose a motion for summary

6 judgment. Generally, summary judgment must be granted when there is no genuine issue

7 of material fact--that is, if there is no real dispute about any fact that would affect the result

8 of your case, the party who asked for summary judgment is entitled to judgment as a matter

9 of law, which will end your case. When a party you are suing makes a motion for summary

10 judgment that is properly supported by declarations (or other sworn testimony), you cannot

11 simply rely on what your complaint says. Instead, you must set out specific facts in

12 declarations, depositions, answers to interrogatories, or authenticated documents, as

13 provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and

14 documents and show that there is a genuine issue of material fact for trial. If you do not

15 submit your own evidence in opposition, summary judgment, if appropriate, may be entered

16 against you. If summary judgment is granted, your case will be dismissed and there will be

17 no trial.

18                **NOTICE -- WARNING (EXHAUSTION)**

19         If Defendants file an unenumerated motion to dismiss for failure to exhaust, they are

20 seeking to have your case dismissed.  If the motion is granted it will end your case.

21         You have the right to present any evidence you may have which tends to show that

22 you did exhaust your administrative remedies.  Such evidence may be in the form of

23 declarations (statements signed under penalty of perjury) or authenticated documents, that

24 is, documents accompanied by a declaration showing where they came from and why they

25 are authentic, or other sworn papers, such as answers to interrogatories or depositions.

26         If Defendant files a motion to dismiss and it is granted, your case will be dismissed

27 and there will be no trial.

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ANTHONY WILLIAMS,                    Case Number: CV13-04638 EDL

            Plaintiff,                       **CERTIFICATE OF SERVICE**

    v.

ALAMEDA COUNTY et al,

            Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 15, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Anthony Williams AIQ563
5325 Broder Blvd.
Dublin, CA 94568

Dated: November 15, 2013

Richard W. Wieking, Clerk
By: Lisa R Clark, Deputy Clerk

7